**PIERCE DITCHING COMPANY,**
**Plaintiff,**

v.

**CLOW CORPORATION, Defendant.**

**No. CIV-2-75-48.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 17, 1975.

John S. McLellan, Jr., John S. McLellan, III and Charlton R. DeVault, Jr., McLellan & DeVault, Kingsport, Tenn., for plaintiff.

Richard M. Currie, Jr., Wilson, Worley, Gamble & Ward, Kingsport, Tenn., Jonathan C. Bunge and William G. Schopf, Jr., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity action, 28 U.S.C. §§ 1332(a)(1), (c), for damages for breach of contract of the parties. The defendant moved the Court to stay the proceedings. The plaintiff objected.

The following facts appear from the affidavits filed in support and in opposition to such motion to be undisputed: (1) From September, 1968 through 1970, the plaintiff Pierce Ditching Company (Pierce) placed orders with the defendant Clow Corporation (Clow) for 147,791 feet of pipe, to be used in conjunction with the construction by Pierce of a water system for the Blue Springs Utility District of Carter County, Tennessee (District); (2) Pierce was obligated to satisfactorily construct such system so that the District would accept same; (3) Thereafter, Pierce was obligated to maintain such system for a period of one year; (4) Leaks developed in such system and the District has and continues to refuse to accept it;

(5) In October, 1971, Pierce submitted to Clow a claim for $75,711.71, representing expenses it claimed it incurred in repairing the system; (6) Representatives of both Pierce and Clow met on October 15, 1971 where it was agreed: (a) that further consideration of Pierce's claim would be deferred until the system was accepted, (b) that Pierce would continue to attempt to bring the system to satisfactory level, (c) that Clow would afford Pierce technical assistance to such end, (d) that, because both parties wished to avoid the expense and delay of litigation, they would wait until the system was finally completed, and, then if they could not amicably settle Pierce's claim, their differences would be submitted to arbitration,* (e) that Clow would provide Pierce with $30,000 credit on Pierce's existing debt to Clow, pending the resolution of the dispute over the District, without prejudice to any claim Pierce may have against Clow; and (7) Clow has ex-

---

* Mr. Mack Slaughter, Pierce's principal officer, filed an affidavit, indicating that he will testify that no agreement to arbitrate was ever concluded by the parties.

pended approximately $50,000 to provide the aforementioned technical assistance.

On October 27, 1971, Mr. Keith Porter, then the sales manager for Clow, wrote a letter to Mr. Mack Slaughter, the president of Pierce, which provides pertinently:

\* \* \* \* \* \*

Re: Blue Springs Tennessee Utility District

Dear Mr. Slaughter:

Regarding the above, we are enclosing our credit memorandum in the amount of $30,000. As you know, this credit memorandum is sent to you following your recent meeting with us here in Pell City.

With respect to the problems encountered on the Blue Springs Project, this credit memo to Pierce Ditching Company in the amount of $30,000 is made without prejudice to the merits of your company's claim against Clow. Our intention is that we recognize that we will eventually make some settlement with your company and it is impossible at this time to really evaluate which parts of your claim, from our point of view, are valid and which may not be.

Clow is concerned about Pierce Ditching Company as a customer and the financial burden which you are bearing because of the difficulties encountered and the resulting withholding by the Utility District of the retainage. It is understood that this partial settlement, made without prejudice to the merits of the claim, is done with the understanding that when the project is finally completed and that Clow and Pierce cannot reach an agreement as to the extent of your claim, an arbitrator would be selected by each party, who in turn would select an arbitrator to settle the differences between us. Hopefully, this will not occur.

\* \* \* \* \* \*

The defendants requested that this action be stayed pending (1) the acceptance of the system by the District and (2) arbitration of any disputed claim between them. Although Pierce denies that any agreement to arbitrate was consummated, it has not de-nied that an agreement to defer its claim against the defendant Clow until the final acceptance of the system was made.

It appears, therefore, that there was sufficient consideration for such deferral agreement, and that this action should be stayed pending the acceptance of the system. See and cf. *United States v. Curtiss Aeroplane Co.*, C.C.A.2nd (1945), 147 F.2d 639.

Accordingly, this action hereby is STAYED, pending the acceptance of the system, or, alternatively, for a period of six months, whichever occurs first. All other matters hereby are RESERVED.